The accident under investigation happened at the intersection of Lessard and Charles Streets in the City of Donaldsonville. Lessard Street has a paved strip eighteen feet in width, with a gravel shoulder of fifteen feet on the east side of *Page 534 
the paved strip, and is a favored street, that is, a person travelling on this street has the right of way over those travelling on Charles Street. The plaintiffs' automobile was travelling east to west on Charles Street; defendant's automobile was travelling north to south on Lessard Street. The sidewalk on the east side of Lessard Street projects into Charles Street, leaving an opening of some eighteen feet for traffic to move into the intersection.
According to plaintiffs' petition in the first case, which is practically the same in the second case, the accident happened in the following manner: The Bea automobile had come to a complete stop at about the extension of the sidewalk on the east side of Lessard Street, or at or about the intersection of the two streets, some sixteen feet from the concrete slab on Lessard Street, in other words, prior to entering the intersection of the streets. While thus stopped, defendant's car, driven by his minor son at an excessive speed and without keeping a proper lookout, just prior to reaching the intersection of the two streets, was suddenly swerved into Charles Street, striking the Bea car on its right side and turning it over. These are the specific charges of negligence against the driver of defendant's car.
The defendant denied these specific charges of negligence and set forth that the accident was caused by the driver of the Bea car entering the intersection without the right of way, in front of the Russo car, and without keeping a proper lookout.
It is to be noted that the majority opinion fails to mention the specific allegations of the plaintiffs' petitions as to where the Bea car was stopped prior to the accident and as to how it happened and to review the testimony of the occupants of the Bea car, evidently not believing the testimony of the occupants of the Bea car. I shall give a review thereof.
The substance of the testimony of Mabel Bea, the driver of the Bea car, is that she stopped at the intersection of the two streets, that is, the prolongation of the sidewalk on the east side of Lessard Street; that while so stopped she heard a noise, presumably defendant's car travelling on Lessard Street; she saw the lights and immediately there was a collision between the car she was driving and the other car. In this she is corroborated by the testimony of Penny Douglas, the other occupant of the Bea car. Penny Douglas states that the Bea car was stopped some sixteen feet off of the paved portion of the Lessard Street. The first notice she had had was the noise of some automobile approaching the intersection; Mabel Bea stopped the Bea car at the intersection some sixteen feet from the paved slab; she saw the lights of the car and the collision occurred. In other words, according to Mabel Bea and Penny Douglas, the accident occurred prior to the Bea car entering the intersection as set forth in plaintiffs' petition. These are the only two witnesses offered by plaintiffs as to the cause and place of the accident.
The majority opinion also fails to review the testimony of the two occupants of the Russo car. I shall give a gist of said testimony:
The testimony of young Russo, corroborated by his companion, is to the effect that he was travelling south on Lessard Street at a reasonable speed of 20 to 30 miles per hour, passed an automobile going in the same direction about one-third of a block from the intersection where the accident happened, and had practically gotten back to his right hand side of the paved slab. After reaching the intersection perempting the same, the Bea car, without stopping at the extension of the east sidewalk of the Lessard Street, without stopping prior to reaching the paved slab, upon which he was travelling, and without giving him the right of way accorded to him by an ordinance of the City of Donaldsonville, suddenly drove in front of him, thus causing the accident.
Thus, we have a material conflict of testimony by the occupants of the two vehicles as to where the Bea car was at the time of the accident and the manner in which the accident happened. The trial judge, in his opinion, refers to this conflict in the testimony. He saw the witnesses and believed the witnesses for the defendant. The majority opinion does not point to any manifest error in his conclusion, but the opinion seems to be based purely and simply on physical facts found after the collision, with assumptions.
What are these physical facts and the assumptions of the majority opinion?
Witnesses for plaintiffs testified that they found the Bea car, upset, on the east side of the paved portion of the intersection. *Page 535 
It is not testified whether or not it was facing in the direction in which it was travelling. Some of plaintiffs' witnesses state that it was at about the concrete slab while others say that it was about six feet thereof. Defendant's witnesses state that the Bea truck was found upset at about the paved slab. However, it is to be noted that all witnesses state that defendant's car was also upset on its right hand side of the paved slab in the direction in which it was travelling. The only undisputed physical facts, beside the fact that defendant's car was found upset on its right hand side on the paved slab, are that the Bea truck was struck on its right side near the front door (which is about four feet from the front) and that the defendant's car was damaged on the front thus showing a front broadside collision.
In the majority opinion it is assumed, since the Bea truck was struck on its right side near the front door and came to rest on the gravel portion on the cast side of Lessard Street from six to eight feet from the paved slab, that it was struck by defendant's truck while it "was at least partially off of the paved portion of Lessard Street on the wrong side of that street at the time of the accident." This fact cannot be assumed for the reason that if defendant's car was partially at least off of the paved portion, it could not have struck the Bea truck at about the front door. Another fact assumed by the majority opinion is that since the Bea truck was found upset on the east side of the paved slab, and on the gravel portion thereof of Lessard Street, that the accident occurred on the gravel portion of the street. Such assumption, however, is in direct conflict with the allegations in the petitions and the testimony of Mabel Bea and Penny Douglas. Again, there is no evidence in this record to reach such an assumption. There is no evidence to show that young Russo left the paved slab but to the contrary there is evidence to show that young Russo never left the concrete slab, if not directly, then by assumption as is wont to be indulged by the majority opinion.
It can be more readily assumed that since young Russo's car was found upset in its lane, in the direction in which it was travelling, that the accident occurred wholly on the paved portion of Lessard Street. This fact is borne out by the testimony of young Russo and his companion. It is not reasonable to surmise that an automobile, while travelling on the paved portion of a street, will leave such paved portion to travel on a gravel section thereof and strike a standing automobile prior to its entering an intersection, as plaintiffs would want us to believe, nor strike a standing or moving automobile on the gravel portion of an intersection as apparently assumed by the majority opinion. To say that the accident happened on the gravel portion of Lessard Street is mere speculation, in which no court is allowed to indulge.
It is a well known fact that movements of colliding vehicles are often-times difficult if not impossible to explain. Their antics are sometimes really mysterious and mystifying. Things happen so quickly that the occupants, in many cases (as in this case) do not really know what has happened save that a collision has taken place. I am unable to explain how the Bea truck was found upset on the gravel portion of Lessard Street, at or near the paved portion thereof and why the Russo car was found upset on its right lane of travel on the paved portion. One reason for this is that we do not know exactly the positions of the colliding vehicles on the streets or in the intersection when the collision occurred, and another reason is that it is not the province of the Court to explain antics committed by colliding vehicles.
In the case of Kent v. Lefeaux. et al., La. App., 169 So. 793, 798, this court stated: "In order for plaintiffs to recover, they must show that the accident was caused by the fault of the driver of the Lefeaux car (in our case the Russo car), as they allege in their petition. They must prove morethan a mere probability as to the cause of the accident." (Italics mine.) I may add that a plaintiff must prove his case to a certainty, to make it probable is not enough.
It appears to me that plaintiffs have not only failed to prove to a legal certainty that the alleged negligence of the driver of the Russo car was the sole and proximate cause of the accident, but they failed to prove and show the manner in which the accident occurred. Furthermore, there is no evidence in the record which shows wherein the lower court committed any *Page 536 
manifest error, nor does the majority opinion point to any, justifying a reversal of his judgment.
Believing that the judgment of the lower court is eminently correct, both in law and in fact, I respectfully dissent.